**Finney v. The Milton S. Hershey Medical Center of the Pennsylvania State University**

C.P. of Dauphin County, no. 1165 S 1995.

*Christopher C. Fallon Jr.,* for plaintiff.
*April L. Chamberlain,* for defendant.

*EN BANC,* KLEINFELTER, EVANS AND HOOVER, *JJ.,* February 20, 1996—

## MEMORANDUM

This matter is presently before the court on defendant's preliminary objections to the complaint. Argument was heard before an en banc panel of this court. The relevant facts and procedural history are summarized as follows:

In January 1993, plaintiff was diagnosed as suffering from squamous cell carcinoma of the rectum. On February 9, 1993, plaintiff underwent surgery at Mercy General Hospital in Miami, Florida for the removal of a polyp and adjacent tissues. Plaintiff then returned to central Pennsylvania for the purpose of receiving additional medical treatment and care. On March 22, 1993, plaintiff was admitted to the Hershey Medical Center to receive follow-up treatment for his squamous cell cancer and this treatment included chemotherapy and radiotherapy. Plaintiff began his treatment and care at the medical center as an inpatient with five days of chemotherapy and radiotherapy. This was followed by two weeks of radiation therapy as an outpatient

and an additional five days of chemotherapy and radiotherapy as an inpatient at the medical center. Plaintiff alleges that the radiation therapy was provided by technicians and other health care professionals who were agents, servants and employees of the medical center. As the result of the dose intensity of radiation used in his treatment and care at the Hershey Medical Center, plaintiff alleges that he developed anorectal ulcerations which required treatment by a diverting colostomy and one month of hypobaric chamber treatments at Geisinger Medical Center. As a result, plaintiff alleged that he was compelled to undergo three surgical procedures at the Johns Hopkins Medical Center to surgically repair the damage caused by the radiation therapy.

Plaintiff asserts two counts against the medical center which are entitled "medical malpractice" and "lack of informed consent." Defendant filed preliminary objections to the lack of informed consent count of the complaint. First, defendant argues that plaintiff has failed to state a cause of action for lack of informed consent because radiation therapy is not a surgical or invasive procedure. Defendant relies on *Dible v. Vagley,* 417 Pa. Super. 302, 612 A.2d 493 (1992), in support of its contention. In *Dible,* the plaintiff underwent 51 radiation treatments. Suit was commenced alleging that the defendants were negligent in the rendering of examination, treatment and diagnosis and lack of informed consent by their failure to inform the plaintiff of the viable alternatives to radiation therapy. The plaintiff blamed successive surgeries, deformity of his ear, severe emotional distress, tinnitus and increased risk of metastasis on radiation exposure which he characterized as unnecessary. On appeal was the plaintiff's argument

that the trial court erred in failing to direct a verdict in favor of the plaintiff on the informed consent count. The Superior Court determined that despite the plaintiff's insistence that he was injured by lack of information, the informed consent doctrine has never been applied to situations in which the missing information was other than that affecting a surgical and/or operative procedure actually performed. The court added that according to the testimony adduced at trial, there was no invasive procedure or surgery involved in the radiation treatment and in the unlikely event that the definition of touching were to be strained to include radiation treatment, the plaintiff acknowledged having been informed of the possible negative side effects of the radiation treatment. The court concluded that the trial court correctly refused to give the jury binding instructions on the issue of informed consent.

Defendant urges this court to conclude as a matter of law that radiation therapy never constitutes a surgical or invasive procedure so as to invoke the requirements of the doctrine of informed consent. We are not prepared to do this for we are persuaded by the fact that, in the *Dible* case, the court determined that the issue of informed consent was a jury question. We conclude that it is premature at this juncture to make such a ruling on the informed consent issue as it relates to the radiation treatment.

Nevertheless, defendant also directs our attention to a very recent Superior Court decision, *Kelly v. Methodist Hospital,* 444 Pa. Super. 427, 664 A.2d 148 (1995), for the proposition that a hospital has no duty to obtain a patient's informed consent. In *Kelly,* the plaintiffs alleged, inter alia, that the hospital was negligent in failing to comply with its internal rules regarding in-

formed consent. The defendant's preliminary objections in the nature of a demurrer were sustained as to these paragraphs. On appeal, the plaintiffs argued that they were not attempting to impose on a hospital the duty of obtaining informed consent from patients. They conclude that the stricken paragraphs set forth a cause of action for corporate negligence based on the hospital's failure to promulgate relevant policies, practices and procedures relating to informed consent. The Superior Court rejected this argument and reiterated that the plaintiffs were attempting to impose an informed consent cause of action based on negligence and that this is not a viable cause of action in Pennsylvania. The court concluded that hospitals do not have the duty to obtain the informed consent of their patients.

We are compelled to follow the *Kelly* court's decision and will grant defendant's preliminary objections to Count II based on this holding.

Defendant further states that paragraph 17(e) should be stricken on the basis that it sets forth an informed consent cause of action based on negligence. We agree with defendant's conclusion and will strike the following language, "without securing his informed consent" from paragraph 17(e).

Defendant next claims that paragraphs 17(a), 17(f) and 17(g) lack specificity as required by Rule of Civil Procedure 1019(a) and this court's decision in *Starr v. Myers,* 109 Dauph.Rep. 147 (1988). These paragraphs read as follows:

"(a) failing to properly conduct, perform and/or supervise the radiation therapy procedures performed on plaintiff, David C. Finney, on March and April 1993;

"(f) failing to provide proper supervision of the radiation therapy being provided to Mr. Finney during

the course of treatment and care at Hershey Medical Center; and

"(g) performing improper and unskillful medical procedures."

We agree that these paragraphs are not sufficiently specific and will permit plaintiff to amend his complaint to satisfy this court's pleading requirements.

Accordingly, we enter the following:

## ORDER

And now February 20, 1996, the preliminary objections filed on behalf of defendant are hereby sustained. Count II is stricken from the complaint. The language "without securing his informed consent" is stricken from paragraph 17(e) of the complant. Paragraphs 17(a), 17(f) and 17(g) are stricken from the complaint but plaintiff is granted leave to amend these paragraphs within 20 days from the date of this order.